# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GABRIELE M. BISCHOF,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0297**  (BOR Appeal No. 2050775)
(Claim No. 2011009204)

**WOOD COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gabriele M. Bischof, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Wood County Board of Education, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 1, 2016, in which the Board affirmed an August 10, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 26, 2015, decision denying a request for authorization for an MRI of the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Bischof injured her lower back on August 27, 2010, while attempting to prevent a child from prematurely exiting a school bus during the course of her employment as a school bus driver. Her claim for workers' compensation benefits was initially held compensable for a lower back sprain, lower back pain, and lumbosacral neuritis/radiculitis. Ms. Bischof initially sought treatment for the August 27, 2010, injury in Camden Clark Memorial Hospital's emergency department on September 8, 2010. She complained of lower back pain with radiation into the

1

right leg and was diagnosed with sciatica. On September 29, 2010, a lumbar spine MRI was performed and revealed a disc bulge at L5-S1, a bilateral L5 pars defect, and grade 1 anterolisthesis resulting in severe right neural foraminal stenosis and impingement of the L5 nerve root.

Following continued complaints of lower back pain and right leg pain, Ms. Bischof was referred to neurosurgeon Matthew Walker, M.D. Dr. Walker diagnosed Ms. Bischof with right leg pain and grade 1 spondylolisthesis at L5-S1 with right L5 foraminal stenosis. He recommended that Ms. Bischof undergo L5 transforaminal steroid injections for the treatment of her ongoing radiating right leg pain, and later performed several injections.

Ms. Bischof also sought pain management care with Michael Shramowiat, M.D. On December 13, 2011, Dr. Shramowiat examined Ms. Bischof and noted that she was no longer experiencing a significant amount of pain relief from the epidural steroid injection provided by Dr. Walker. Dr. Walker confirmed Dr. Shramowiat's observation that the epidural steroid injections were providing Ms. Bischof with a decreasing degree of relief in December of 2010, and he recommended that she consider pursuing surgical intervention. Additionally, on May 15, 2014, Dr. Walker stated that it is necessary to obtain another lumbar spine MRI prior to proceeding with surgical intervention. On June 17, 2014, Dr. Walker performed an L5-S1 decompression with a posterior lumbar interbody fusion with instrumentation. In his operative report, he indicated that Ms. Bischof's current diagnosis is L5-S1 spondylolisthesis with stenosis. In a letter dated July 28, 2014, Dr. Walker opined that the condition of L5-S1 spondylolisthesis was likely present prior to the August 27, 2010, injury, but further opined that the entirety of Ms. Bischof's current pain is attributable to the August 27, 2010, injury. Dr. Walker further stated that surgical intervention became necessary after conservative treatment methods had failed. On January 8, 2015, David Soulsby, M.D., performed a records review and opined that the lumbar spine MRI requested by Dr. Walker is unnecessary in relation to the instant claim because the request relates to preoperative planning ahead of treatment for noncompensable, pre-existing spondylolisthesis.

On January 26, 2015, the claims administrator denied Dr. Walker's request for authorization of a lumbar spine MRI. In its Order affirming the claims administrator's decision, the Office of Judges held that a preponderance of the evidence indicates that the requested lumbar spine MRI is not reasonably required for the treatment of a compensable component of the instant claim. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 1, 2016.

The Office of Judges noted that on June 2, 2015, it affirmed the claims administrator's denial of Dr. Walker's request for authorization of the L5-S1 decompression performed on June 17, 2014; affirmed the claims administrator's denial of authorization for pre- and post- surgical physical therapy evaluations; and affirmed the claims administrator's denial of authorization for pre-admission testing based upon its finding that the requested treatment was aimed solely at treating the noncompensable diagnoses of spondylolisthesis and stenosis. The Office of Judges also added an L5-S1 disc herniation as a compensable diagnosis in its June 2, 2015, decision. The Board of Review affirmed the Office of Judges' June 2, 2015, Order on December 2, 2015.

Regarding the request for authorization of a lumbar spine MRI, the Office of Judges found that Dr. Walker's May 15, 2014, treatment note indicates that he requested authorization for an additional lumbar spine MRI in order to properly plan for the L5-S1 decompression and fusion performed on June 17, 2014. The Office of Judges then found that pursuant to its June 2, 2015, decision denying a request for authorization of the L5-S1 decompression and pre-admission testing, authorization for the lumbar spine MRI requested by Dr. Walker for the purpose of pre-operative planning must also be denied as unrelated to treatment for a compensable diagnosis.

However, in *Gabriele M. Bischof v. Wood County Board of Education,* No. 15-1242, 2016 WL 6803369 (W.Va. Nov. 17, 2016)(memorandum decision), we reversed the December 2, 2015, decision of the Board of Review affirming the June 2, 2015, Office of Judges Order, and authorized the L5-S1 decompression, pre- and post- surgical physical therapy, and pre-admission testing based upon our determination that the decisions of the Board of Review and Office of Judges were based upon a material mischaracterization of the evidentiary record insofar as the evidence of record demonstrated that the treatment at issue was performed for the treatment of Ms. Bischof's compensable lumbar radiculopathy and L5-S1 disc herniation. Therefore, pursuant to our decision in Appeal No. 15-1242, we find that the decisions of the Board of Review and Office of Judges are based upon a material mischaracterization of the evidentiary record. In Appeal No. 15-1242, we authorized all pre-admission testing necessary for the performance of the L5-S1 decompression. As was noted by the Office of Judges, the lumbar spine MRI requested by Dr. Walker was necessary for successful pre-operative planning and, as such, must be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a mischaracterization of the evidentiary record. The Board of Review erred in affirming the Office of Judges' decision affirming the denial of Dr. Walker's request for authorization of a lumbar spine MRI. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with instructions to authorize the requested lumbar spine MRI.

Reversed and remanded.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Allen H. Loughry II
Justice Elizabeth D. Walker

LOUGHRY, Chief Justice, dissenting:

I dissent from the majority's decision to authorize the claimant's request for a lumbar spine MRI. As I noted in my dissent in *Bischof v. Wood County Bd. of Educ.,* No. 15-1242 (W.Va. Nov. 17, 2016) (memorandum decision), the claimant suffers from pre-existing spondylolisthesis and stenosis. While she suffered a work-related injury on August 27, 2010, which resulted in the compensable diagnoses of lower back strain, lower back pain, and lumbosacral radiculitis/neuritis, the record shows that the claimant reached maximum medical improvement on October 27, 2010. As in her prior appeal, the claimant is seeking authorization in this case for a medical benefit necessitated by her pre-existing conditions rather than the compensable injury. Therefore, authorization for the requested lumbar spine MRI should have been denied. I am authorized to state that Justice Walker joins me in this dissent.